Burket, J.
The facts showing that the death was caused by wrongful act, neglect or default, and that the act, neglect, or default, was such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, should appear in the petition; and it is not necessaryto aver that if death had not ensued that the deceased would have been entitled to recover damages against the defendant in respect to his injuries so sustained, but such averment can do no harm. The principal questions to be tried are, whether death was caused by wrongful act, neglect or default, and if so, if such act, neglect or default was such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof. If death was not caused by wrongful act, neglect or default, or being’ so caused, the act, neglect, or default, was such as would not have entitled the party injured to recover damages, if living, the action by the administrator must fail. That death was caused by wrongful act, neglect, or default, and that the act, neglect, or default, was such as would have entitled deceased to recover damages in respect thereof, are conditions upon which the action provided for in sections 6134 and 6135, Revised ¡Statutes, are given, and the facts constituting these conditions must be averred in the petition, and established on the trial by competent evidence.
*407 If facts are averred in the petition which would entitle the deceased, if living, to recover damages for the injuries by him sustained, and facts are averred in the answer, or denials therein made, which if true, would prevent a recovery on his part if living, the whole evidence taken together must be of sufficient weight to establish, affirmatively, the facts constituting the conditions upon which the statute gives the right of action, the burden being on the plaintiff. Wolf v. R. R. Co., 55 Ohio St., 517. The defendant, therefore, has the right to introduce any evidence which tends to weaken or disprove the facts necessary to be established to make out the plaintiff’s cause, i. e., the facts constituting the conditions upon which the action is given by the statute.
If death had not ensued, the deceased could not recover damages for his injuries, if it should be established on the trial that his injuries were caused by his own carelessness or negligence; and his statements after the injury and while in his right mind, tending toshow that the injury was caused by his own negligence and carelessness, would be good evidence against him in an action brought in his own behalf during his lifetime. Would it be evidence against his administrator in an action under the statute in behalf of the beneficiaries ?
It is contended by counsel for plaintiff in error, that there is no privity between the deceased and his administrator and beneficiaries, and that the action by the administrator is a new an>d independent action, given by the statute, not connected with, nor dependent upon the right of action of the deceased. This contention is not tenable.
The statute must be construed in connection with the common law as it existed at and before its *408 passage. While at common law the party injured by the negligence of another had a right of action against such party for damages, such right of action does not survive, but abates at his death. The effect of the statute is to pick up this abated right of action of the deceased, and permit it to be prosecuted by the administrator, for the benefit of the next of kin. It is not a new right of action that is prosecuted by the administrator, but it is the same right of action which the deceased had until his death. Upon the death of the injured party, the right of action by the force of the statute passes by succession to the administrator for the benefit of the next of kin.
This succession more clearly appears when considered with reference to the defendant. By his wrongful act he caused an injury which caused a pecuniary loss to both the injured party and to his next of kin. The right of action to recover damages in respect to such act rests in the injured party alone, so long as he lives and should he be compensated in his lifetime, no action can be maintained by his administrator or next of kin for damages, even though it should be clear that the next of kin sustained a great pecuniary loss by reason of the wrongful act. In such cases the pecuniary loss sustained by the next of kin is deemed compensated by the increase of the estate of the deceased. Should the defendant fail to make compensation to the injured party during his lifetime, the liability to make compensation for the pecuniary injury resulting from the wrongful act, instead of abating as at common law, is by force of the statute kept alive, and the administrator succeeds to the right to bring an action upon such liability to recover damages, in *409 the nature of compensation, for the pecuniary loss sustained by thenext of kin by reason of suchwrong-ful act. The liability of the defendant to the party injured, and the liability over to the administrator for the benefit of the next of kin, is for the same wrongful act, and is the same liability; and such liability does not exist in favor of the injured party and his next of kin at the same time, but in succession. There is no new liability created by the statute upon death of the injured party, but the right of succession in the administrator to recover upon the liability already existing, is created.
So that when viewed from the standpoint of either the administrator, or of the party causing the injury by his wrongful act, there is succession in the right of recovery, which succession is created by force of the statute. And where there is succession in rights, there is privity between the parties. It therefore follows, that the administrator and the beneficiaries stand in privity with the deceased, and that such damages as may be recovered by the administrator, are part and parcel of the damages which the deceased had a right to recover during his'life time. This being so, the administrator in his action in behalf of the beneficiaries, is bound by the acts and words of the deceased. Whatever he did, or said, while in his right mind, tending to show that the injury was caused by his own fault, neglect, or carelessness, is competent evidence against the plaintiff, and in behalf of the defendant.
The evidence offered by the railway companj^ and .rejected by the court, was competent and material, and its rejection was prejudicial. The circuit court was right in reversing the judgment and remanding the cause for a new trial.

Judgment affirmed.